### No. 390

ENRIGHT, Admrx. v. B. & O. RY. CO.
No. 19663.  Supreme Court
On motion to certify.  Dock. March 4, 1926; 4 Abs. 176.

1235.  VERDICTS—When may a court render judgment on special finding of fact by the jury in contravention to the verdict rendered by the same jury?

Bridget Enright, as administratrix of the estate of Michael Enright, deceased, brought this action originally in the Montgomery Common Pleas against the Baltimore and Ohio Railroad Company for wrongful death of the decedent.

The amended petition charged four acts of negligence, to-wit:

Violation of 8853 GC., by operating a switch engine without ringing a bell or giving other alarm.  Also violation of a city ordinance of the City; Failure of employes of Company to keep a proper look out for persons about to cross the tracks; Failure to have and maintain crossing gates either automatic or operated by an employe; Failure to have an automatic signal bell at crossing.

The defense was a general denial and contributory negligence.  Upon trial the jury rendered a verdict for $5000 in favor of Enright and against the Company.

There was submitted to the jury over the objections of the plaintiff eight special findings of fact, all of which had for their purpose to have an answer to determine whether or not Michael Enright "if he had looked to the south along the east bound track for the purpose of ascertaining whether or not the train was approaching the crossing in question he could have seen the engine, which after struck him, in time to avoid the accident."  These questions were all answered in the affirmative, and upon these special findings of fact the court notwithstanding the verdict, rendered a judgment in favor of the Company against the plaintiff, Enright.  The judgment of the Common Pleas was affirmed by the Court of Appeals.

It was the claim of the Company that Michael Enright under the circumstances had an absolute duty to see this switch engine, and to prevent the accident, and that notwithstanding its violation of both a statute and an ordinance in crossing these heavily travelled streets without giving a signal and the failure of the crew to keep a lookout, nevertheless there was no liability upon the Company for the unlawful death of Michael Enright.

Enright, in the Supreme Court, contends:

1. That the questions submitted to the jury do not call for answers which establish ultimate and controlling facts.

2. That the answers returned by the jury are not such as to show an irreconcilable conflict with the general verdict.

3. That the questions and answers require of the decedent a higher degree of care than is required by the law, to-wit:  They require that he must at all hazard and under any circumstances have seen the switch engine approaching and have gotten out of its way and thus have avoided being injured, notwithstanding the negligence of the defendant company.

Attorneys—McConnaughey & Shea, Dayton,

for Admrx.; Marshall & Harlan Dayton, for Co.